UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION



IN RE:  MASON


WITNESS:  MARIE MASON



PROCEEDINGS before Grand Jury No. 07-2, before

Judith A. Rowley, CSR, Certified Shorthand Reporter, Notary

Public in and for the County of Ionia, acting in the County

of Kent, Michigan, in the Grand Jury Room, Ford Federal

Building, Grand Rapids, Michigan, on Tuesday, January 27,

2009 at 3:20 p.m.


APPEARANCE:

    HAGEN FRANK
    Assistant United States Attorney
    U.S. Attorney's Office
    Western District of Michigan
    330 Ionia, N.W.
    Grand Rapids, Michigan 49503


Judith A. Rowley
Certified Court Reporter

Case 1:08-cr-00047-PLM Doc #176-2 Filed 02/02/09 Page 2 of 10 Page ID#1034
Jan 30 09 09:41a    James Rowley                       606-527-6435            p.3

2

1                       Grand Rapids, Michigan

2                       January 27, 2009

3                       3:20 p.m.

4                           - - - -

5                   M A R I E   M A S O N

6   called as a witness and sworn by the Grand Jury Foreperson,

7   was thereafter examined and testified as follows:

8                   E X A M I N A T I O N

9   BY MR. FRANK:

10  Q     Ms. Mason, you have sort of a soft voice.  If you would

11  make sure to speak into the microphone.

12  A     I'll try.

13  Q     In an investigation of this type it's the policy of the

14  U.S. Department of Justice to advise every witness of their

15  legal rights before testifying or before they are

16  questioned.

17        This grand jury is conducting an investigation of

18  possible violations of federal criminal laws that include

19  arson and conspiracy to commit arson.  You may refuse to

20  answer any question if a truthful answer to the question

21  would tend to incriminate you.  Anything you do say may be

22  used against you by the grand jury or in a subsequent legal

23  proceeding.

24        If you have legal counsel, an attorney, the grand jury

25  will permit you a reasonable opportunity to step outside the

 1   grand jury room to consult with counsel if you want to do
 2   that. However, you cannot have an attorney here in the
 3   grand jury room.
 4        Now, you do have Attorney John Minock
 5   representing you, correct?
 6   A    Yes.
 7   Q    And he's just outside the grand jury room?
 8   A    Yes, he is.
 9   Q    As we go through this process if you want to take a
10   break and want to go talk to him then with the grand jury's
11   permission we will give you a reasonable opportunity to do
12   that.
13        But I do have to tell you that your at this point
14   limited right to consult with counsel will not allow
15   unreasonable delay of grand jury proceedings. So you can't
16   go see him after every question. It would be more like
17   every 15 or 20 minutes. If you want to take five minutes
18   then the grand jury would most likely allow to you do that.
19   A    I'm sorry. That's not how it was explained to me. I
20   can't tell without knowing the question whether I need to
21   consult.
22   Q    I understand. I am just saying there is no
23   carved-in-stone standard. But you are not going to be
24   allowed to talk to him after every single question. Okay.
25   That said, if you do want to speak to him then let us know

Jan 30 09 09:41a   James Rowley                                606-527-6435         p.5
Case 1:08-cr-00047-PLM  Doc #176-2 Filed 02/02/09 Page 4 of 10 Page ID#1036

4

1    and we will address it on a case by case basis.  Okay.

2    Now, I have advised you of your rights in front

3    of this grand jury.  I have told you you have the

4    right to refuse to answer any questions that may

5    tend to incriminate you.

6    I should tell you that you are a target of this

7    investigation.  The Justice Department defines a

8    target as someone who is linked to the commission of

9    a crime by substantial evidence in the view of the

10   prosecutor, which is me, you are considered a

11   defendant.  You are already a defendant obviously in

12   a criminal prosecution.

13   A    And this is different than the case that I have already

14   covered with that?

15   Q    Well, no.  It's not anticipated that you are going to

16   be indicted on more stuff.  Okay.  It's just that you are a

17   criminal defendant.  You are pending sentencing.  So you are

18   considered a target under the Justice Department's

19   definition.

20   So the answers that you give to questions, if

21   they tend to incriminate you, they can be used

22   against you.

23   Now, do you intend to envoke your Fifth

24   Amendment right against self incrimination in this

25   proceeding?

Case 1:08-cr-00047-PLM Doc #176-2 Filed 02/02/09 Page 5 of 10 Page ID#1037
Jan 30 09 09:42a    James Rowley                        606-527-6435         p.6

5

1   A   I was planning to if it was appropriate.

2   Q   Okay.  Well, let's start asking some questions then.

3       As long ago as 1999 you started committing

4   criminal acts on behalf of an organization or a

5   movement called the Earth Liberation Front, right?

6   A   I don't think so.  I mean, I guess I would have to

7   plead the Fifth on that because I don't know how to answer

8   that question.

9   Q   All right.  Well, in August of 1999 you participated in

10  the arson of a couple boats; is that right?

11  A   Oh, those are the ones that I -- could I consult with

12  John Minock just to make sure I understand my situation?

13  Q   Well, if it's all right with the grand jury.

14  A   Thank you.  Just to make sure that I.

15  Q   Right.  You can tell him that you have not yet envoked

16  the Fifth Amendment.

17  A   Right.

18  Q   But I started asking questions about past criminal

19  activity.

20  A   Correct.  Okay.  And could you specify with your

21  question so I can tell him?  This is what event

22  specifically?

23  Q   You can tell him that I started out asking about

24  August, '99 Escanaba, Michigan?

25  A   Okay.

6

1   Q   Arson of a couple of boats.

2   A   Okay. All right.

3   Q   You could tell him obviously also obviously that if you

4   answer questions there is going to be a lot more questions.

5   A   Sure.

6   Q   Okay.

7           (The witness left the room 3:27 to 3:31 p.m.)

8           FOREPERSON: Just a reminder that you are still

9       under oath.

10  Q   Ms. Mason, let me ask you again, as far back as 1999

11  did you start engaging in criminal activity on behalf of the

12  environmental causes?

13  A   On advice of my counsel I plead the Fifth Amendment.

14  Q   Okay.

15          MR. FRANK: Mr. Foreperson, would you please read

16      that order to Ms. Mason?

17          FOREPERSON: The order reads, "the United States
        Attorney for this District has by written motion
18      requested this Court to enter an order pursuant to
        18USC§6002 and 6003 requires Marie Jeanette Mason to
19      give testimony or to provide other information at a
        grand jury proceeding.
20          The motion is made with the approval of the Acting
        Deputy Assistant Attorney David H. Hennessy and asserts
21      that the testimony or other information of Marie
        Jeanette Mason may be necessary to the public interest
22      and that Ms. Mason is likely to refuse to testify or
        provide other information on the basis of the privilege
23      against self incrimination.
            The prerequisites of the applicable statues have
24      been met. It is hereby ordered that in accordnace
        with 18 U.S. Criminal Code 6003 Marie Jeannette Mason
25      shall give testimony or provide other information
        before the grand jury.

Case 1:08-cr-00047-PLM Doc #176-2 Filed 02/02/09 Page 7 of 10 Page ID#1039
Jan 30 09 09:42a    James Rowley                             606-527-6435              p.8

7

1      It is further ordered that any testimony or other
information given by Ms. Mason pursuant to this order
2      shall be subject to the immunity provision of 18 U.S.
Criminal Code 6002 which provides that no testimony or
3      other information compelled under this order, nor any
information directly or indirectly derived from such
4      testimony or other information, may be used against
said witness in any criminal case in which she is a
5      defendant except for a prosecution for perjury, giving
a false statement or otherwise failing to comply with
6      this order. Further, the application and order of this
Court are hereby sealed.
7      Signed Honorable Paul L. Maloney, Chief United
States District Judge."
8      Thank you. I have retrieved the order from the Foreman

9   and it has been marked as Grand Jury Exhibit 1. I'm going

10  to hand this to Ms. Maosn.

11      Ms. Mason, you are pretty well educated. You read

12  English just fine?

13  A    I read English.

14  Q    I would like you to just take a moment and read that

15  order for yourself, both pages, please.

16      For the record I have retrieved Grand Jury Exhibit 1

17  from the witness. Ms. Mason, you have just read the order

18  that was read to you by the Foreperson. Do you understand

19  what this says?

20  A    I do.

21  Q    And you saw that it has been signed by Honorable Paul

22  L. Maloney, Chief United States District Judge, on

23  December 15, 2008?

24  A    Yes.

25  Q    And you mentioned earlier that you are represented by

Case 1:08-cr-00047-PLM Doc #176-2 Filed 02/02/09 Page 8 of 10 Page ID#1040
Jan 30 09 09:42a    James Rowley                    606-527-6435           p.9

8

1    Attorney John Minock?

2    A    Yes.

3    Q    I would be correct that you and he have spoken about
4    this order?

5    A    Yes.

6    Q    Okay.  Because you may not know it, but I sent this to
7    him about a month ago and informed him that I was going to
8    be calling you into grand jury today.

9    And so you have had a chance to talk to him
10   about what this order means; is that right?

11   A    (Witness nodding affirmatively)

12   Q    Do you understand that this order means that you do not
13   have a right under the Fifth Amendment to refuse to answer
14   questions today?

15   A    I do understand.

16   Q    Do you still intend to refuse to answer questions posed
17   either by me or by members of the grand jury?

18   A    I do.

19   Q    I'd like to take you at your word, but I'm just going
20   to ask you a couple questions anyway.  Do you know an
21   individual named Jessie Waters?

22   About 10, 15 seconds has gone by.  Ms. Mason, did you
23   intend to refuse to answer that question?

24   A    I do.

25   Q    Do you know a gentleman by the name of Joseph Frank

1   Ballinger? About ten seconds has gone by. Do you refuse to
2   answer that question?
3   A   I do.
4   Q   Would you please give your answer orally so that the
5   record will pick it up?
6   A   I will.
7   Q   Okay. The witness has indicated she does not intend to
8   answer that question.
9       How about Daniel Kruk, K-r-u-k. Do you know him? Ten
10  seconds elapsed.
11      You understood those questions, Ms. Mason?
12  A   I did.
13  Q   But you are refusing to answer the questions
14  notwithstanding the court's order; is that correct?
15  A   I am.
16  Q   If I asked questions, if I just kept asking questions
17  for the next hour, would you continue to refuse to answer
18  the questions?
19  A   It's hard to know without your asking the questions.
20  But I imagine given the direction, yes.
21  Q   If I were to ask you questions that you believed were
22  going to incriminate you or incriminate other people would
23  you continue to refuse to answer the questions?
24  A   Yes, I would.
25  Q   All right.

Case 1:08-cr-00047-PLM Doc #176-2 Filed 02/02/09 Page 10 of 10 Page ID#1042
Jan 30 09 09:45a        James Rowley                              606-527-6435         p.1

10

1       MR. FRANK: Any questions from the grand jury for
2   Ms. Mason? Negative response.
3       FOREPERSON: I guess not.
4   Q   (By Mr. Frank): Ms. Mason, that concludes your
5   appearance before the grand jury today.
6   A   Thank you.
7       FOREPERSON: Thank you.
8           (Witness left the room at 3:40 p.m.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24