# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER: 1:08-cr-47-01<br>USM Number: 04672-061 |
| MARIE JEANETTE MASON | John R. Minock<br>Defendant's Attorney |

**Date of Imposition of Original Judgment: February 20, 2009**
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[X]  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**THE DEFENDANT:**
[X]  pleaded guilty to Counts One, Two and Four of the Indictment.

[]  pleaded nolo contendere to count(s) **, which was accepted by the court.

[]  was found guilty on count(s) **, after a plea of not guilty.


The Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of the Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(f)(1) | Conspiracy to Commit Arson | January 2, 2000 | One |
| 18 U.S.C. § 844(f)(2) | Aggravated Arson | January 2, 2000 | Two |
| 18 U.S.C. § 844(i) | Arson | January 2, 2000 | Four |

The defendant is sentenced in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]      The defendant has been found not guilty on count(s) **.
[X]     Count Three is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.



Date:  February 24, 2009              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 – Imprisonment                                (NOTE:  Identify Changes with Asterisks (*))

Judgment --Page 2 of 7
Defendant:   MARIE JEANETTE MASON
Case No.: 1:08-cr-47-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **two hundred (240) months on Count One, two hundred sixty-two (262) months on Count Two, and one hundred eighty (180) months on Count Four, to be served concurrently**.

**[X]**   The court makes the following recommendations to the Bureau of Prisons:

That the defendant be confined in a correctional facility that is as close as possible to Lexington, KY, near family.

**[X]**   The defendant is remanded to the custody of the United States Marshal.

**[]**   The defendant shall surrender to the United States Marshal for this district
   [] at \*\* []a.m. []  p.m. on \*\*.
   [] as notified by the United States Marshal.

**[]**   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   [] before 2 p.m. on \*\*.
   [] as notified by the United States Marshal.
   [] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:_____

_____

_____

_____ Defendant

delivered on _____ to _____

_____, with a certified copy of this

judgment.

_____
United States Marshal

By_____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Life on each of Counts 1, 2, and 4, to be served concurrently**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

[X]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

[X]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

[ ]   The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from use of alcohol and shall not purchase,  possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 3C – Supervised Release     (NOTE: Identify Changes with Asterisks (*))

Judgment --Page 4 of 7
Defendant: MARIE JEANETTE MASON
Case No.: 1:08-cr-47-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to her ability as determined by the probation officer.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not apply for, nor enter into, any loan or other credit transaction without the approval of the probation officer.

4. The defendant shall perform **300 hours** of community service, as directed by the probation officer.

5. The defendant will submit any personal computer owned or controlled by the defendant to a search conducted by a probation officer or designee, at a reasonable time and in a reasonable manner, without prior notice or search warrant, to determine if the defendant added, removed, updated, re-installed, repaired, or otherwise modified the hardware or software on the computer(s), or hid encrypted files or data inconsistent with the conditions of supervision. Further, the defendant will provide all computer-related billing records, including telephone, cable, internet, satellite, and the like, as requested by the probation officer. Refusal to submit to such search is a violation of conditions of supervision. The defendant will warn anyone with whom she shares residence that the premises may be subject to searches pursuant to this condition.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5.

|         | Assessment | Fine   | Restitution    |
|---------|------------|--------|----------------|
| Totals: | $300.00    | $0.00  | $4,139,536.00  |

[ ]   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[X]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Deer Park construction site<br>Bloomington, IN | $95,000.00 | $95,000.00 | |
| Vandalism of logging equipment<br>Bloomington, IN | $55,000.00 | $55,000.00 | |
| Sterling Woods Development<br>Bloomington, IN | $200,000.00 | $200,000.00 | |
| Crider and Crider Equipment<br>Bloomington, IN | $500,000.00 | $500,000.00 | |
| Morgan-Monroe State Park<br>Bloomington, IN | $5,500.00 | $5,500.00 | |
| Yellowwood State Forest<br>Bloomington, IN | $1,600.00 | $1,600.00 | |
| Rose Acre Farm<br>North Vernon, IN | $100,000.00 | $100,000.00 | |
| Martin State Park<br>Shoals, IN | $55,000.00 | $55,000.00 | |
| Mystic Forest<br>Superior Township, MI | $1,000,000.00 | $1,000,000.00 | |

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 – Schedule of Payments                                    NOTE: Identify Changes with Asterisks (*))

Judgment --Page 6 of 7
Defendant: MARIE JEANETTE MASON
Case No.: 1:08-cr-47-01

| | | |
|---|---|---|
| Willow Ridge<br>Macomb County, MI | $1,000,000.00 | $1,000,000.00 |
| Michigan State University<br>Attn: Fred Poston<br>420 Hannah Administration Bldg<br>East Lansing, MI. 48823 | $1,100,000.00 | $1,100,000.00 |
| Keith Musselman<br>9351 East 12th Road<br>Manton, MI 49663 | $18,000.00 | $18,000.00 |
| Dr. James Boydston<br>132 Sharps Circle<br>Eustis, FL 32726 | $9,436.00 | $9,436.00 |

**[ ]**   Restitution amount ordered pursuant to plea agreement $

**[ ]**   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

**[X]**   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  **[X]**   the interest requirement is waived for the **[ ]** fine **[X]** restitution.

  **[ ]**   the interest requirement for the **[ ]** fine **[ ]** restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 7 – Schedule of Payments  NOTE: Identify Changes with Asterisks (*))
Judgment --Page 7 of 7
Defendant: MARIE JEANETTE MASON
Case No.: 1:08-cr-47-01

# * SCHEDULE OF PAYMENTS *

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** [X] Lump sum payment of $ 300.00 due immediately, balance due

    [] not later than _____, or
    [X] in accordance with [] C, [] D, [] E, or [X] F below; or

**B** [] Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

**C** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [X] Special instructions regarding the payment of criminal monetary penalties:

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

* [X] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Frank Brian Ambrose, 1:08-cr-47-02, $4,139,536.00, joint and several for the total amount of restitution due.

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution (7) penalties, and (8) costs, including cost of prosecution and court costs.