UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　Plaintiff, )<br>) No. 1:08-cr-47-01<br>-v- )<br>) Honorable Paul L. Maloney<br>MARIE MASON, )<br>　　　　　　　Defendant. )<br>) | |

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE AND DENYING MOTION FOR LEAVE TO FILE REPLY BRIEF

Defendant Mason requests the Court reduce the sentence imposed to time served.[1] (ECF No. 230.) Defendant has been infected with COVID-19. Defendant contends the infection, the need for social isolation to prevent the spread of the infection, and the Bureau of Prison's limited medical care justify compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the motion. The Court will deny the relief requested.

I.

The Government filed the indictment in this criminal action in February 2008 based on crimes that occurred on the last days of 1999 and the first days of 2000. The Government

---

[1] The indictment and the judgment in this case identify the defendant as Marie Mason. Counsel informs the Court that Defendant came out as a transgender man in 2014. Defendant now uses the name Marius and uses masculine pronouns. The Government notes that Bureau of Prisons continues to refer to Defendant as Marie, not Marius. Defendant has not requested the Court amend the caption. The Court assumes the Bureau of Prisons has at least record keeping concerns (if not more compelling reasons) that would weigh against this Court issuing orders concerning an inmate while using something other than inmate's name at the time of commitment. The Court has endeavored to avoid referring to Defendant using gendered pronouns.

charged Defendant and three others with conspiracy to commit arson, among other charges. Defendant and at least one co-conspirator had ties or an affiliation with the Environmental Liberation Front (ELF), a loosely organized social movement whose adherents were willing to commit violent acts against entities whose activities were negatively affecting the environment. Defendant and one co-conspirator caused a fire in a research facility at Michigan State University. The next day, all four co-defendants worked together to set fire to some logging equipment. Defendant eventually pled guilty to three of the counts in the indictment: conspiracy to commit arson, aggravated arson, and arson. The Court sentenced Defendant 240 months, 262 months, and 180 months respectively, all served concurrently.

Defendant is housed at Danbury FCI. The Bureau of Prisons (BOP) currently predicts Defendant will be released in May 2027. The BOP reports that there are currently 6 inmates and 1 staff member infected with COVID-19.[2] One inmate has died from the infection. Over 150 inmates and staff at the facility have recovered from the infection. Defendant tested positive for the coronavirus in late April 2020.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 546 U.S. 522, 526 (2011); *see United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). In the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i), the provision authorizing compassionate release. Prior to the

---

[2] The BOP maintains on its website information showing coronavirus infections for inmates and staff at each facility. The Court last checked the website for information on Danbury FCI on June 17, 2020.

amendments, only the BOP could file a motion with the Court seeking compassionate release. *See, e.g., Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (per curiam). As amended, the statute now permits prisoners to file a motion with the court, subject to certain limitations. The statute allows a prisoner to seek relief in the courts "after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.SC. § 3582(c)(1)(A). The Sixth Circuit interprets the exhaustion requirement as a mandatory claims-processing requirement. *United States v. Alam*, —F.3d—, 2020 WL 2845694, at *2-*3 (6th Cir. June 2, 2020). The defendant must also establish "extraordinary and compelling reasons[.]" *Id.* § 3582(c)(1)(A)(i). Finally, the court must find that the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* § 3582(c)(1)(A).

Defendant has complied with the exhaustion requirement. The Government does not argue otherwise. The Warden rejected Defendant's motion for compassionate release in late April, 2020. This motion was filed in late May 2020.

Most compassionate release motions filed since the declaration of a pandemic, at least up to this point, assert that a defendant has underlying health conditions such that the risk of a COVID infection, which is heightened in a prison environment, poses a substantial risk of being fatal. Defendant, however, has aleady been infected with COVID.

Defendant has not demonstrated extraordinary and compelling reasons for a reduction of sentence.[3] Defendant argues that medical treatment for COVID at the Danbury facility is so inadequate as to constitute an extraordinary and compelling basis for compassionate release. As evidence, Defendant describes, based on personal observations, the manner in which the facility has treated inmates who exhibited COVID symptoms or have tested positive for the virus. Assuming Defendant's observations are representative of the treatment provided at Danbury, other evidence available to the Court on the BOP website undermines the conclusion that the treatment is woefully inadequate. Over 90 inmates at Danbury are categorized as "recovered." Admittedly, the BOP data does not distinguish between asymptomatic inmates, inmates with mild symptoms and inmates with severe symptoms. But, regardless of the severity of the infection, only one inmate at Danbury has died from COVID. This data tends to demonstrate that medical care provided at Danbury is not so inadequate that a COVID infection justifies immediate release. A COVID infection is not a terminal illness. And, Defendant has not demonstrated that the infection rendered Defendant completely disabled or capable only for limited self care.

Even if the Court were to conclude that Defendant has demonstrate extraordinary and compelling circumstances, the Court would exercise its discretion and deny the request

---

[3] Pages 8 through 13 of Defendant's brief (PageID.1641-46) contains a string cite to opinions from federal courts around the country granting motions for compassionate release. Based on the Court's cursory review of the opinions, none of court's granted a motion involving an inmate who was already infected. Generally, the justification for release was based on the threat of becoming infected. The Court is aware of one opinion denying a motion for compassionate release from an inmate who was already infected. *United States v. Rumley*, No. 4:08cr5, 2020 WL 2499046 (W.D. Va. May 14, 2020.)

for immediate release. While Defendant has served 12 years of the sentence imposed, approximately 7 years remain. Defendant committed a crime that not only caused over one million dollars in property damage, it also put lives at risk. At sentencing, the Court considered the § 3553 factors, which have not changed with the exception of the consideration of medical treatment. (ECF No. 201 Sent. Trans. at 95-103 PageID.1280-88.) The sentence imposed was necessary for both general and specific deterrence. (*Id.* at 98-99 PageID.1284-84.) The Court described Defendant's crimes as terrorist acts. (*Id.* at 102 PageID.1287.) Defendant's rehabilitation efforts are commendable but do not shift the balance of factors in favor of a compassionate release.

## II.

Defendant filed a motion for leave to file a reply brief. (ECF No. 239.) Defendant did not file a brief in support of the motion. Defendant did not file the proposed reply brief as an exhibit. The local rules require all written motions submitted to the court be accompanied by a brief in support. W.D. Mich. LCivR 7.1(a). The local rules also counsel to file the proposed document as an exhibit to any motion seeking leave of the court to submit a document. W.D. Mich. LCivR 5.7(f). While the Court may exercise its discretion and overlook the failure to comply with the rules, Defendant's one sentence motion for leave does not even summarily describe what arguments would be raised in a reply brief. The Court will deny Defendant's request to file a reply.

III.

For these reasons, Defendant's motion for a reduction of sentence (ECF No. 230) and Defendant's motion for leave to file a reply brief (ECF No. 239) are **DENIED. IT IS SO ORDERED.**

Date: June 19, 2020                                /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge